UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| Case No. | CR 14-00338 (A) SJO-9 | | Date | March 6, 2017 |
|---|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|
| Interpreter | Not required: |

| Victor Paul Cruz | Carol Zurborg | Max B. Shiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| (9) Antonio Marshall | xx | xx | | Errol H. Stambler | xx | | xx |

**Proceedings:**     SENTENCING

Hearing held.

In preparation for this proceeding the Court has reviewed the following documents: The Presentence Report (PSR) [ECF # 2207] disclosed on 01/23/2017, and the confidential letter recommendation.  The Court has reviewed the Government's Objection to the PSR [ECF # 2230] filed 02/06/2017.  The government points out that the PSR misstates the agreed-upon search and seizure condition, stating erroneously that it is limited to searches with reasonable suspicion.  The Government's sentencing position [ECF # 2248] filed 02/21/2017.  The government indicates that the PSR found a Total Offense Level of 25 and a Criminal History Category VI (based on 26 criminal history points), which establishes a Guidelines range of 120-137 months' imprisonment.  Government notes that there is a 120-month mandatory minimum custodial term due to defendant's Count 12 conviction for conspiring to distribute at least 28 grams of crack cocaine after a prior conviction for a felony drug offense.  The government concurs in the guidelines calculations and factual findings in the PSR.  The government recommends that the Court impose a sentence of 137 months' imprisonment.  Defendant's Sentencing Position [ECF # 2247] filed 02/21/2017.   Defendant seeks a departure/variance for the State conviction because he argues that the facts of the State case are so similar to the facts of the Federal case which should result in the Federal court sentence be adjusted to reflect the state custodial term as an offset to the federal sentence.  Additionally, defendant argues that his criminal history is overstated and should be Criminal History VI.  The defendant requests that the Court reduce the ten-year sentence by 834 actual days to reflect the State time served in the related case and under the authority of Loss Opportunity.

The defendant acknowledges that he has reviewed all of the sentencing documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

The Court adopts the findings and conclusions of the PSR.

Counsel argues.

Defendant exercises his right of allocution.

Having considered the sentencing factors enumerated at 18 U.S.C. § 3553(a) including the advisory guideline range of 120 to 137 months based upon an offense level of 25 and a criminal history category of VI, the Court imposes the following sentence:

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Antonio Terrell Marshall, is hereby committed on Counts 1 and 12 of the First Superseding Indictment to the custody of the Bureau of Prisons for a term of 130 months. This term consists of 130 months on each of Counts 1 and 12 of the First Superseding Indictment, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 8 years. This term consists of 5 years on Count 1, and 8 years on Count 12 of the First Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

1.      The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2.      The defendant shall not commit any violation of local, state, or federal law or ordinance.

3.      During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

4.      The defendant shall cooperate in the collection of a DNA sample from the defendant.

5.      The defendant shall refrain from any unlawful use of a controlled substance. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

6.    The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer.

7.    During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency.

8.    When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation Office.

9.    The defendant shall not associate with anyone known to him to be a Broadway Gangster Crips' gang member and others known to him to be participants in the Broadway Gangster Crips' gang's criminal activities, with the exception of his family members. He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Broadway Gangster Crips' gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Broadway Gangster Crips' gang.

10.    As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Broadway Gangster Crips' gang meet and/or assemble.

11.    Except as directed by the Probation Officer, the defendant shall not reside in any area known as Broadway Gangster Crips controlled territory, which includes territory claimed in South Los Angeles, the territory defined as (to the North) Vernon Avenue, (to the East) Avalon Boulevard, (to the West) the 110 Freeway, and (to the South) Slauson Avenue.

12.    The defendant shall submit his person, vehicle, residence, and cell phone to search at any time, with or without warrant, by any law enforcement or Probation Officer with or without reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court advises the Defendant of his right to appeal.

The Court recommends that the defendant shall be designated in Arizona and the he participate in the Bureau of Prison's Residential Drug Abuse Program.

In the interest of justice the Court grants the government's motion to dismiss all remaining counts in the underlying Indictment.

: 0/35

Initials of Deputy Clerk

cc: PROBATION OFFICE